UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-P369-H

L. RUTHER                                                                            PLAINTIFF

v.

BARRY GASH *et al.*                                                       DEFENDANTS

### MEMORANDUM OPINION

Plaintiff L. Ruther initiated this *pro se* action by filing a handwritten complaint against Barry Gash and Commonwealth Collections LLC. In the caption, he writes, "Complaint Lawsuit 1791 US 5,7, Art. 3, Sec. 10, 1868 US 14, 1865 US 13." He then writes, "Contract 4-3-07 cc pay I $118.000 for $59,000 + work to cc. cc put title to $118,000 Capital I Inc Credit $ Due Contracts. 11-25-06. cc no do title to contracts." On the second page, he alleges a "crime" and seeks an arrest warrant for Gash for stealing an asset and racketeering. The Clerk of Court issued a deficiency notice instructing Plaintiff to file his complaint on a court-supplied form.

On the completed complaint form, Plaintiff lists a third Defendant, Darren Winslow, but does not reference him or any incident involving him elsewhere on the form. As grounds for filing the action in federal court, Plaintiff advises that Defendants "steal $59,000 contract $118,000. I get no asset, records. 1791 US 7, Art 3 Sec 10, 1868 US 14 1865 US 13." As his statement of claim, Plaintiff reports, "10-26-06 I put 59000 to Gash, Comm Collect LLC for contract for asset, records. I get zero asset, records." He then alleges, "mail wire fraud steal $59000," and asks the court to contact the U.S. Attorney "to file crime code at Defendants." As relief, he seeks a "grand jury crime trial" and a "civil jury trial."

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress.

*Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364. Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue," *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998), because without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. State of Tenn.*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas*, 150 F.3d at 606.

Even though Plaintiff cites to "1791 US 5, 7, Art. 3, Sec. 10, 1868 US 14, 1865 US 13," Plaintiff fails to establish federal question jurisdiction under 28 U.S.C. § 1331. The U.S. Reports' citations do not exist, and it is wholly unknown to which legal source Plaintiff is referring in mentioning "Art. 3, Sec. 10." Because Plaintiff fails to demonstrate that his civil action arises under "the Constitution, laws, or treaties of the United States," federal question jurisdiction is not present. Further, although Plaintiff seems to assert a state contract claim, he has not demonstrated diversity jurisdiction under 28 U.S.C. § 1332, as it appears that he and all Defendants are located in Kentucky, and he has not shown that he meets the requisite amount in controversy. To be sure, he continues to allege that Defendants stole $59,000 and seeks their arrest. As Plaintiff has failed to establish the subject matter jurisdiction of this Court, the action must be dismissed.

Additionally, even if subject matter jurisdiction were present, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (explaining that a complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory") (citations and internal quotation marks omitted)). The Court concludes that Plaintiff's complaint fails to give Defendants fair notice of the claim(s) against them and must be dismissed for this reason as well.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
4412.005